IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:06CR3011 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| JOEL J. KNOTT, | ) | |
| | ) | |
| Defendant. | ) | |

   I am in receipt of the presentence investigation report in this case.  Except for the objection (filing 25 part 1) that the defendant qualifies for a reduction in the base offense level because the gun was possessed solely for sporting or collection purposes and related motions for departure or deviation (filing 25 parts 2 and 3), there are no objections or motions for departure or variance.

   IT IS ORDERED that:

   (1)   The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2)     The objection (filing 25 part 1) that the defendant qualifies for a reduction in the base offense level because the gun was possessed solely for sporting or collection purposes and related motions for departure or deviation (filing 25 parts 2 and 3) are denied. Among other reasons, I arrive at this decision because of the following:

> A.     Read literally, U.S.S.G. § 2K2.1(b)(2) applies only to the defendant. Since the defendant did not possess the weapon for sporting or collection purposes he does not personally qualify for the reduction.
>
> B.     The defendant's friend did not possess the weapon for sporting or collection purposes. He merely wanted a gun. (Filing 26 at 2 (Defendant's brief) ("He simply bought the gun because he had always wanted to own a gun.") Hence, the defendant does not fit within the plain words of U.S.S.G. § 2K2.1(b)(2) even if the defendant is otherwise entitled to "piggy back" on the activity of the gun owner.
>
> C.     Since the defendant was found with the gun in the trunk of his car while he also possessed marijuana (PSR ¶¶ 8, 9 and 14), the behavior of the defendant is inconsistent with the behavior of a sportsman or a collector. Law abiding sportsmen and collectors do not possess guns and drugs. Thus, the "piggy back" argument for application of U.S.S.G. § 2K2.1(b)(2) is inconsistent with the purpose of U.S.S.G. § 2K2.1(b)(2).
>
> D.     A departure or deviation is not warranted. Among other reasons, this is true because it is undisputed that (1) the defendant possessed a controlled substance at the same time he unlawfully possessed the shotgun (PSR ¶ 14) and (2) the defendant has a history of violence (PSR ¶ 33) and drug abuse (PSR ¶¶ 30, 31, 37, 38, 50-57.)

    E.    I have assumed that every fact (but not conclusion) recited in the defendant's objection, motion and brief are true.

(3)    Except to the extent (if at all) that I have reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4)    If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5)    Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6)    Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

July 27, 2006.                  BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        United States District Judge